IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

TERRACE AT ST. CLOUD, LLC

    Appellant,

vs.

CASE NO.: 16-12181-H
L.T. CASE NO.: 14-61019-CIV-Zloch

MARIE NOEL

    Appellee.

_____/

## APPELLANT'S RESPONSE TO JURISDICTIONAL QUESTION

Appellant, TERRACE AT ST. CLOUD, LLC, by and through its undersigned counsel, hereby files its response to this Court's Jurisdictional Question filed 6/24/16, and responds to the Court's question by answering respectfully that its **Notice of Appeal was not premature**; and, in support of that response, submits the following:

On November 23, 2015, the District Court entered a Final Judgment in this case. That Judgment provided for an award of damages [$93,860.24] with "interest thereon at the legal rate as provided by law…" Appellant timely filed its post-trial motions ("Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial") on December 1, 2015. Appellee filed a response in opposition to those motions on December 23, 2015. On April 5, 2016, the District Court entered an Order denying Appellant's post-trial motions. On April 15, 2016,

Plaintiff/Appellee filed an *untimely* motion seeking to amend the judgment to include a specific amount of pre-judgment and post-judgment interest (discussed further below). On May 4, 2016, Appellant timely filed its Notice of Appeal in accordance with the terms of Federal Rule of Appellate Procedure 4.

On June 23, 2016, one day prior to this Court's issuance of the Jurisdictional Question to which this Response is directed, the District Court entered an order in which it **denied** Plaintiff/Appellee's Motion to amend the judgment to include pre judgment and post judgment interest on the grounds it was **untimely**. A copy of that Order is attached hereto as Exhibit 1. In that Order, in support of its ruling, the District Court explained:

> "Ordinarily, motions to amend a judgment to fix pre- and post-judgment interest are construed as being made under Federal Rule of Civil Procedure 59(e). *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1525 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). Motions made under Rule 59(e) must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (prohibiting the Court from extending the time to file a Rule 59(e) motion); *Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010) (observing the same). **The judgment in this case was entered on November 3, 2015; however, Plaintiff did not file her motion for pre- and post-judgment interest until April 15, 2016, far beyond the twenty-eight days required by Rule 59(e).** As a result, the Court can no longer amend the judgment" (emphasis added).

The District Court went on to say that Appellee's motion to award pre-judgment and post-judgment interest could be construed as a motion to correct the judgment pursuant to Rule 60(a), which allows the Court to "correct a clerical

mistake or a mistake arising from oversight or omission whenever one is found in a judgment" and imposes no filing deadline. Fed. R. Civ. P. 60(a). However, the District Court correctly recognized implicitly that, per the terms of Federal Rule of Appellate Procedure 4(4)(A), the motion (if treated as a motion under Fed. R. Civ. P. 60(a)) did not extend the time for Appellant to file its notice of appeal given that Rule 4(4)(A) states, in pertinent part:

> "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," which includes inter alia a motion to alter or amend the judgment under Rule 59 [28 day deadline included in Rule 59] **or for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered** [deadline included in FRAP 4 rather than Rule 60 itself] ." See Rule 4(4)(A)( (iv) and (vi)(emphasis added).

Given the untimely nature of Appellee's motion (under Fed. R. Civ. P. 59 and 60), Appellant had no choice but to file its appeal when it did. If it had failed to do so (i.e. if it had misinterpreted Appellee's motion as one which extended the time for filing its notice), it would have fallen into a procedural trap because, given the untimely nature of the motion, that motion did not extend the time for Appellant to file its Notice of Appeal. In other words, if Appellant had waited to file its Notice of Appeal based on the mistaken belief that Appellee's untimely motion to amend extended the tine for appeal, it would have faced dismissal of its appeal for failure to timely invoke this Court's Jurisdiction.

In sum, Appellant had no choice but to file the Notice of Appeal when it did; and that Notice of Appeal was timely and, based on the controlling rules and circumstances of this case, that **Notice of Appeal was not premature**.

In addition to the foregoing, it must be noted that, in its June 23, 2016 Order, the District Court went on to note that the jury in this case determined that Appellee was entitled to recover $1,347.29 in lost wages, $27,512.95 for mental anguish and suffering, and $65,000.00 in punitive damages; and ruled:

> Because the judgment in this case already awards "interest thereon at the legal rate as provided by law"—which broadly includes both discretionary pre-judgment interest and mandatory post-judgment interest—Plaintiff's motion merely requests the Court to perform the ministerial task of calculating interest and correcting the judgment to include the numerical value of that interest which was omitted. Such a request properly lies within the purview of Rule 60(a). *See Osterneck*, 825 F.2d at 1526 n.8. However, when an appeal has been filed, the district court lacks jurisdiction to correct a judgment unless leave is granted by the appellate court. Fed. R. Civ. P. 60(a); *Gormong v. Local Union 613, IBEW*, 714 F.2d 1109, 1111 (11th Cir. 1983) (*per curiam*). Defendant's appeal of the judgment in this case was docketed with the Eleventh Circuit on May 5, 2016 and that Court has already issued initial briefing deadlines. As a result, Plaintiff must first obtain leave from the Eleventh Circuit before this Court may correct the judgment. Alternatively, should Plaintiff prevail on appeal, Plaintiff may renew her motion to correct the judgment after the Eleventh Circuit's mandate has issued. In any event, Plaintiff's motion must be denied at this time.

Appellant agrees with the District Court regarding the damages awarded by the jury and, further, agrees that given that breakdown of damages (only $1,347.29 was liquidated before the verdict and resulting judgment), that the calculation of pre-judgment interest (on that amount) and post judgment interest on the entire amount is a purely ministerial task. Appellant further agrees with the District Court that, if this Court temporarily relinquishes jurisdiction of this case, the District Court would be able to rule on Plaintiff/Appellee's Motion; and thereby alleviate any concern regarding piecemeal appeals. Appellant has no objection to that course of action and, to the extent this Court believes it prudent, assents to the Court's temporarily relinquishment of jurisdiction to the District Court to allow that Court to enter an Amended Judgment including interest which would then fall within the scope of the pending appeal.

Based on the foregoing, Appellant respectfully asserts that this Court unquestionably has jurisdiction over the appeal in this case based on the Notice of Appeal filed by Appellant. However, in the alternative, if for any reason, this Court disagrees with Appellant regarding the jurisdictional question at issue here (i.e. if for any reason the Court believes it does not presently have jurisdiction over the appeal in this case), Appellant respectfully requests that the Court enter an order reflecting that fact (correcting the belief of Appellant and the District Court that this Court has appellate jurisdiction) and, in the interest of judicial economy,

allowing forty five (45) days for the District Court to rule on Appellee's Motion to Amended the Judgment to include pre and post judgment interest and thereby correct any arguable defect in the Court's appellate jurisdiction.

**WHEREFORE,** Appellant respectfully requests that this Court enter an order concluding that it unquestionably has jurisdiction over the appeal in this case, given its particular facts, based on Appellant's timely filed May 4, 2016, Notice of Appeal; or that it grant the alternative relief requested herein.

### CERTIFICATE OF INTERESTED PERSONS

Appellant, TERRACE AT ST. CLOUD, LLC, by and through its undersigned counsel and pursuant to Eleventh Circuit Rules 26.1-1 and 26.1-2, certifies that the following individuals/entities have an interest in the outcome of the appeal:

DeGailler, Brian - Quintairos, Prieto, Wood & Boyer, P.A.
(Trial Counsel for Terrace at St. Cloud, LLC)

Noel, Marie
(Appellee - Plaintiff below)

Perez, Daniel A. - Hogan & Hogan, P.A.
(Counsel for Marie Noel)

Terrace at St. Cloud, LLC
(Appellant - Defendant below)

Valdez, Thomas A. - Quintairos, Prieto, Wood & Boyer, P.A.
(Appellate Counsel for Terrace at St. Cloud, LLC)

Shimonsky, Karen - Quintairos, Prieto, Wood & Boyer, P.A.
(Co-Appellate Counsel for Terrace at St. Cloud, LLC)

Byron, Paul G.
(U.S. District Court Judge - Middle District of Florida)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF furnished a copy of the same via Electronic Mail to: Daniel A. Perez, Esquire, Hogan & Hogan, P.A., 906 East Michigan Street, Orlando, Florida 32806-4703, at the following e-mail addresses: dperez@hoganlegal.com and brene@hoganlegal.com on this 7th day of July, 2016.

*QUINTAIROS, PRIETO, WOOD & BOYER, P.A.*

*/s/ Thomas A. Valdez*

**THOMAS A. VALDEZ, ESQUIRE**
Florida Bar No. 0114952
tvaldez@qpwblaw.com
1410 North Westshore Boulevard, Suite 200
Tampa, Florida 33607
Telephone: (813) 286-8818
Facsimile: (813) 286-9998
*Attorneys for Terrace at St. Cloud, LLC*

EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE CLAIRE NOEL,

    Plaintiff,

v.                                           Case No: 6:14-cv-597-Orl-40DAB

TERRACE OF ST. CLOUD, LLC,

    Defendant.

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion for Pre- and Post-Judgment Interest (Doc. 139), filed April 15, 2016;

2. Defendant's Response to Plaintiff's Motion for Pre- and Post-Judgment Interest and Incorporated Memorandum of Law (Doc. 140); and

3. Defendant's Motion for Stay of Proceeding to Enforce Money Judgment and Approve Bond (Doc. 150), filed May 17, 2016.

Upon consideration, Plaintiff's motion will be denied and Defendant's motion will be granted in part and denied in part.

I.    **BACKGROUND**

Plaintiff instituted this lawsuit against Defendant to vindicate her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–.11. This matter proceeded to a jury trial beginning on October 8, 2015. On October 14, 2015, the jury returned a verdict in favor of Plaintiff, finding that Defendant violated Plaintiff's ADA rights

1

by denying her a reasonable accommodation. (Doc. 116). The jury further determined that Plaintiff was entitled to recover $1,347.29 in lost wages, $27,512.95 for mental anguish and suffering, and $65,000.00 in punitive damages. (*Id.*). The Court thereafter entered judgment in favor of Plaintiff in the amount of $93,860.24 according to the jury's verdict. (Doc. 125). After the Court denied Defendant's post-trial motion for judgment as a matter of law and alternative motion for new trial, Defendant appealed. (Doc. 146).

Plaintiff now moves the Court to establish the amount of pre- and post-judgment interest awarded on the judgment. Additionally, Defendant moves the Court to stay enforcement of the judgment during the pendency of its appeal and to approve its supersedeas bond. Both motions are ripe for review.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Amend the Judgment

Plaintiff moves to amend the judgment to reflect the monetary value of pre- and post-judgment interest awarded on the judgment. Ordinarily, motions to amend a judgment to fix pre- and post-judgment interest are construed as being made under Federal Rule of Civil Procedure 59(e). *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1525 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). Motions made under Rule 59(e) must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (prohibiting the Court from extending the time to file a Rule 59(e) motion); *Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010) (observing the same). The judgment in this case was entered on November 3, 2015; however, Plaintiff did not file her motion for pre- and post-judgment interest until April 15, 2016, far beyond the twenty-eight days required by Rule 59(e). As a result, the Court can no longer amend the judgment.

2

Nevertheless, Plaintiff's motion to award pre- and post-judgment interest can be construed as a motion to correct the judgment pursuant to Rule 60(a), which imposes no filing deadline. That rule allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Because the judgment in this case already awards "interest thereon at the legal rate as provided by law"—which broadly includes both discretionary pre-judgment interest and mandatory post-judgment interest—Plaintiff's motion merely requests the Court to perform the ministerial task of calculating interest and correcting the judgment to include the numerical value of that interest which was omitted. Such a request properly lies within the purview of Rule 60(a). *See Osterneck*, 825 F.2d at 1526 n.8. However, when an appeal has been filed, the district court lacks jurisdiction to correct a judgment unless leave is granted by the appellate court. Fed. R. Civ. P. 60(a); *Gormong v. Local Union 613, IBEW*, 714 F.2d 1109, 1111 (11th Cir. 1983) (per curiam). Defendant's appeal of the judgment in this case was docketed with the Eleventh Circuit on May 5, 2016 and that Court has already issued initial briefing deadlines. As a result, Plaintiff must first obtain leave from the Eleventh Circuit before this Court may correct the judgment. Alternatively, should Plaintiff prevail on appeal, Plaintiff may renew her motion to correct the judgment after the Eleventh Circuit's mandate has issued. In any event, Plaintiff's motion must be denied at this time.

### B. Defendant's Motion for Stay and to Approve Supersedeas Bond

Defendant moves to stay enforcement of the judgment during the pendency of its appeal before the Eleventh Circuit. Federal Rule of Civil Procedure 62(d) permits such a stay so long as the movant-appellant posts a supersedeas bond as security for the appellee's judgment. Defendant represents that it is prepared to post a supersedeas

3

bond to secure 110% of the value of Plaintiff's judgment. Defendant further represents that Plaintiff only opposes the motion to the extent she believes that any supersedeas bond should include her estimated attorney's fees and costs. Plaintiff has not filed a response explaining her position.

Although the amount and conditions of a supersedeas bond rest within the sole discretion of the district court, precedent in this circuit requires an appellant to post an amount which would at least satisfy the value of the outstanding judgment plus costs, attorney's fees, interest, and any damages caused by the appellant's delay in satisfying the judgment.[1] *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979);[2] *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 5735419, at *2 (M.D. Fla. Sept. 22, 2015); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 n.3 (M.D. Fla. 2011) ("[A] judgment debtor posting a bond must typically post a bond for more than the value of the judgment to provide security for interest, costs, and an award of damages for delay."). The court may order a supersedeas bond which secures less than the full value of the judgment and its associated costs only in extraordinary circumstances, such as where

---

[1] Some courts interpret this requirement as additionally demanding an appellant to post an amount reasonably calculated to cover the appellee's attorney's fees and costs should she prevail on appeal. *See, e.g., Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D. Fla. 1989) (requiring appellant to post an additional $105,000 to cover the appellee's estimated costs and attorney's fees on appeal). Federal Rule of Appellate Procedure 7 further permits the district court to impose a separate cost bond on an appellant to cover the appellee's anticipated costs on appeal, which may include attorney's fees depending on the case. *See Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331–33 (11th Cir. 2002) (holding that an appellate cost bond imposed under Rule 7 may include anticipated attorney's fees on appeal if the statute through which the plaintiff prevailed in the district court awards attorney's fees to the prevailing party as part of the costs).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

the appellant's solvency is readily apparent such that the posting of a bond would be a waste of money or where the appellant's other creditors would be endangered by requiring a full-value bond. *O'Callaghan*, 805 F. Supp. 2d at 1325. Ultimately, a supersedeas bond must achieve its dual purpose of "preserv[ing] the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

The Court begins by noting that Defendant provides no evidence or argument speaking to its solvency or the existence of other creditors. The Court therefore finds that an appropriate bond must account for the full value of the outstanding judgment plus costs, attorney's fees, interest, and damages related to delay in satisfying the judgment. The outstanding judgment at this time is $93,860.24. In a previous motion, Plaintiff estimated the costs incurred in this Court to equal $13,688.07. The Court will also include $500 to reflect post-judgment interest from the date of the judgment through appeal. Finally, the Court will apply a multiplier of one and one half to the total in order to account for the undetermined amount of attorney's fees incurred in this Court and any damages resulting to Plaintiff due to Defendant's delay in satisfying the judgment. Defendant will therefore be ordered to post a supersedeas bond in the amount of $162,072.47 in order to stay enforcement of the judgment.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Pre- and Post-Judgment Interest (Doc. 139) is **DENIED WITHOUT PREJUDICE**.

2. Defendant's Motion for Stay of Proceeding to Enforce Money Judgment and Approve Bond (Doc. 150) is **GRANTED IN PART** and **DENIED IN PART**.

Enforcement of the Judgment (Doc. 125) is **STAYED**. On or before **July 15, 2016**, Defendant shall post a supersedeas bond in the amount of $162,072.47 and file the same with the Clerk of Court. Defendant's failure to post a supersedeas bond by this date will result in the Court lifting the stay without further notice.

**DONE AND ORDERED** in Orlando, Florida on June 23, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record